Rule 1920.33.  Joinder of Related Claims.  **[Distribution of Property]**<u>Equitable Division</u>.  Enforcement.

(a)  **[Each party]**<u>**If a pleading or petition raises a claim for equitable division of marital property under Section 3502 of the Divorce Code, the parties**</u> shall file <u>**and serve on the other party**</u> an inventory**[ specifically describing all property owned or possessed at the date of separation]**<u>**, which shall include the information in subdivisions (1) through (3) and shall be substantially in the form set forth in Pa.R.C.P. No. 1920.75.  Within 20 days of service of the moving party's inventory, the non-moving party shall file an inventory**</u>.  A party may not file a motion for the appointment of a master or a request for court action regarding equitable **[distribution]**<u>division</u> until at least 30 days following the filing of that party's inventory. **[The other party shall file the inventory within 20 days of service of the moving party's inventory.  The inventory shall set forth as of the date of separation:]**

<u>**The inventory shall set forth as of the date of separation:**</u>

(1)  a specific description of **[all]**<u>the</u> marital **[property in which]** <u>**assets, which**</u> either or both <u>**parties**</u> have a legal or equitable interest<u>**,**</u> individually or <u>jointly</u> with **[any other]**<u>another</u> person**[ and]**<u>**,**</u> the name of **[such other person]**<u>the co-owners, if applicable,</u> and **[all]**<u>the</u> marital liabilities<u>**, which either party incurred individually or jointly with another person, and the name of any co-debtors, if applicable**</u>;

(2)  a specific description of **[all property]**<u>the assets</u> or liabilities **[that are]** claimed to be non-marital and the basis for such claim; and

(3)  the estimated value of **[each item of]**<u>the</u> marital and non-marital **[property]**<u>assets</u> and the amount **[of]**<u>due for</u> each marital and non-marital liability.

*Note*:  Subdivision (c) **[of this rule provides]**<u>provides for</u> sanctions for failure to file an inventory as required by **[this]** subdivision <u>**(a)**</u>.  An inventory may be incomplete **[where the party filing it does not know of all of the property]**<u>**if a party lacks comprehensive knowledge of the assets and liabilities**</u> involved in the claim for equitable **[distribution]**<u>division</u>. Consequently, the rule does not contemplate that a party <u>**will**</u> be precluded from presenting testimony or offering evidence as to **[property]**<u>assets or liabilities</u> omitted from the inventory.  The omission may be **[supplied by]**<u>**remedied by inclusion of the omitted information in**</u> the pre-trial statement required by subdivision (b).

(b)     Within the time required by order of court or written directive of the master or, if none, at least **[sixty]60** days before the scheduled hearing on the claim for **[the determination and distribution of property]equitable division**, **[each party]the parties** shall file and serve upon the other party a pre-trial statement.  The pre-trial statement shall include the following matters, together with any additional information required by special order of the court:

(1)     a list of assets, which may be in chart form, specifying**:**

**[(i)     the marital assets, their value, the date of the valuation, whether any portion of the value is non-marital, and any liens or encumbrances thereon; and**

**(ii)     the non-marital assets, their value, the date of the valuation, and any liens or encumbrances thereon;]**

**(i)     The marital assets:**

**a.  the value;**

**b.  the date of the valuation;**

**c.  the value of any non-marital portion;**

**d.  the facts and documentation upon which the party relies to support the valuation; and**

**e.  any liens or encumbrances associated with the asset.**

**(ii)     The non-marital assets:**

**a.  the value;**

**b.  the date of the valuation;**

**c.  the facts and documentation upon which the party relies to support the valuation; and**

**d.  any liens or encumbrances associated with the asset.**

(2)     the name and address of **[each]the** expert **witness(es) [whom]** the party intends to call at trial**[ as a witness]**.  A report of each expert witness listed

2

shall be attached to the pre-trial statement.  The report shall describe the **[witness's]expert's** qualifications and experience**[ and],** state the substance of the facts and opinions to which the expert is expected to testify and **[a summary of]summarize** the grounds for each opinion;

(3)      the name, address**,** and a short summary of the testimony of **[each person]the witnesses**, other than the party, whom the party intends to call at trial**[ as a witness]**;

(4)      a list of **[all of the]** exhibits **[which]that** the party expects to offer **[in]into** evidence**[, each containing an identifying mark**.  **Any exhibits that do not exceed]. Exhibits not exceeding** three pages shall be attached to the pre-trial statement **and shall have an identifying exhibit number affixed to or incorporated into the document**, and **[any]** exhibits **[which exceed]exceeding** three pages shall be described **specifically and shall have an exhibit number in the description**;

(5)      the party's gross income from all sources, **[each]** payroll **[deduction]deductions**, **[and the party's]** net income, **[including]and** the party's most recent state and federal income tax returns and pay stubs;

(6)      if the party intends to offer **[any]** testimony as to his or her expenses, an Expense Statement in the form required by **[Rule]Pa.R.C.P. No.** 1910.27(c)(2)(B);

**[(7)      the value of a pension or retirement benefits, the marital portion thereof, and the facts and documentation upon which the party relies to support the valuation;]**

**[(8)](7)**      if there is a claim for counsel fees, the amount of fees to be charged, the basis for the charge, and a detailed itemization of the services rendered;

**[(9)](8)**      **[where there is a dispute, ]**the description and value of **[any items of]disputed** tangible personal property**, specifically the personalty contemplated by item number 25 of the form in Pa.R.C.P. No. 1920.75**, the method of **[evaluating]valuing** each item, and the evidence, including documentation, to be offered in support of the valuation;

**[(10)   a list of marital debts, including the amount of each debt as of the date of separation, the date on which the debt was initially incurred, the initial amount of the debt and its purpose, the amounts and dates of payments made since the date of separation, and the evidence that will be offered in support of the claim;]**

**(9)      a list of liabilities, which may be in chart form, specifying:**

3

**(i)** **The marital liabilities:**

  **a.** **amount of the liability;**

  **b.** **date of the valuation;**

  **c.** **amount of any non-marital portion;**

  **d.** **the facts and documentation upon which the party relies to support the valuation; and**

  **e.** **amount, if any, of payments made on the liabilities after the date of separation.**

**(ii)** **The non-marital liabilities:**

  **a.** **amount of the liability;**

  **b.** **date of the valuation; and**

  **c.** **the facts and documentation upon which the party relies to support the valuation.**

**[(11)](10)** a proposed resolution of the economic issues **raised in the pleadings**.

(c) If a party fails to file either an inventory**,** as required by subdivision (a)**,** or a pre-trial statement**,** as required by subdivision (b), the court may make an appropriate order under **[Rule]Pa.R.C.P. No.** 4019(c) governing sanctions.

(d) (1) A party who fails to comply with a requirement of subdivision (b) **[of this rule shall, except upon good cause shown,] may** be barred from offering **[any]** testimony or introducing **[any]** evidence in support of or in opposition to claims for the matters **[not covered therein]omitted**.

(2) A party **[shall, except upon good cause shown,]may** be barred from offering **[any]** testimony or introducing **[any]** evidence that is inconsistent with or **[which]** goes beyond the fair scope of the information set forth in the pre-trial statement.

4

(e)      An order **[distributing property under]**<u>**entered by the court pursuant to**</u> Section 3502 of the Divorce Code may be enforced as provided by the rules governing actions for support and divorce**[,]** and in the Divorce Code.

* * *